IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS MIGUEL MARTINEZ MORALES,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL, *et al.*,<br><br>*Defendants*. | No. 1:24-cv-02519-BAH |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
FOR INJUNCTIVE AND DECLARATORY RELIEF
IN THE NATURE OF MANDAMUS**

Defendants hereby answer Plaintiff's Complaint for Injunctive and Declaratory Relief in the Nature of Mandamus, ECF No. 5 ("Compl."), as follows, in correspondingly numbered paragraphs.

1. This paragraph sets forth Plaintiff's characterization of this action and legal conclusions, to which no response is required.

2. Admitted.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. Defendants deny the allegations in the first sentence of this paragraph, and aver that Lisa Palluconi is the Acting Director of the Department of Treasury's ("Treasury") Office of Foreign Assets Control ("OFAC"). The allegations in the second sentence of this paragraph set forth Plaintiff's characterization of this action, to which no response is required.

5. Defendants admit the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph set forth Plaintiff's characterization of this action, to which no response is required.

6. This paragraph contains legal conclusions related to jurisdiction, to which no response is required.

7. This paragraph contains legal conclusions related to venue, to which no response is required.

8. Admitted.

9. Defendants admit that OFAC published a list of individuals included on the Specially Designated Nationals and Blocked Persons List ("SDN List") on December 1, 2023, which list included Plaintiff. Defendants deny that Plaintiff was designated pursuant to the Global Magnitsky Act and aver that Plaintiff was instead designated pursuant to Executive Order 13818, *Blocking the Property of Persons Involved in Serious Human Rights Abuse or Corruption*, 82 Fed. Reg. 60839 (Dec. 20, 2017). Defendants admit that Treasury issued a press release on December 1, 2023, related to Plaintiff's designation on the SDN List. The remaining allegations in the third sentence of this paragraph consist of Plaintiff's characterization of a press release, to which no response is required, and Defendants refer the Court to that press release for a complete and accurate statement of its contents. *See* U.S. Dep't of the Treasury, *Treasury Sanctions Former Guatemalan Government Official for Engaging in Public Corruption* (Dec. 1, 2023), https://perma.cc/6HT2-QUMY ("Dec. 1, 2023 Press Release"). Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence regarding counsel's knowledge, conversations, and reading; to the extent a response is required, Defendants deny.

10. Defendants admit that Plaintiff submitted a written request to OFAC on December 4, 2023, for Plaintiff to be removed from the SDN List, and that the letter included a request to be instructed as to what information, if any, he could provide in pursuit of removal. Defendants aver that the Department of the Treasury's Office of the Under Secretary for Terrorism and Financial Intelligence ("TFI") is not housed within OFAC; rather, the TFI oversees multiple bureaus and offices, one of which is OFAC. Defendants deny that Plaintiff was designated pursuant to the Global Magnitsky Act and aver that Plaintiff was instead designated pursuant to Executive Order 13818, *Blocking the Property of Persons Involved in Serious Human Rights Abuse or Corruption*, 82 Fed. Reg. 60839 (Dec. 20, 2017).

11. Defendants admit that OFAC responded to Plaintiff's December 4, 2023, written request by emailing a notice of receipt, and that OFAC did not otherwise respond by December 28, 2023. Defendants admit that Plaintiff submitted another written request to OFAC on December 28, 2023 for Plaintiff to be removed from the SDN List. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

12. Defendants admit that, on March 25, 2024, OFAC requested additional information from Plaintiff. Defendants admit that counsel for Plaintiff submitted a response to OFAC on March 28, 2024. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

13. Defendants admit that, on June 13, 2024, counsel for Plaintiff submitted a written request to OFAC seeking Plaintiff's removal from the SDN List and inquiring as to the status of his request for removal. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

14. Defendants admit that, on June 14, 2024, OFAC requested additional information from Plaintiff. Defendants admit that Plaintiff responded on July 8, 2024. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

15. The allegations in this paragraph consist of legal conclusions, to which no response is required.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. The allegations in this paragraph consist of Plaintiff's characterizations of a public interview, to which no response is required; Defendants refer the Court to that interview for the most accurate statement of its contents. *See* Compl. ¶ 18 (linking to interview).

18. The allegations in the first sentence of this paragraph consist of legal conclusions, to which no response is required. The remaining allegations in this paragraph consist of Plaintiff's characterizations of an article and a video interview, to which no response is required; Defendants refer the Court to that article and interview for the most accurate statement of their contents. *See id.*

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20. The allegations in the first sentence of this paragraph consist of legal conclusions, to which no response is required. The remaining allegations in this paragraph consist of Plaintiff's characterization of a public statement and video, to which no response is required; Defendants refer the Court to that public statement and video for the most accurate statement of their contents. *See id.* ¶ 20.

21. The allegations in this paragraph consist of Plaintiff's characterization of the same public statement and video referenced in Paragraph 20, to which no response is required; Defendants refer the Court to that public statement and video for the most accurate statement of their contents. *See id*.

22. The allegations in this paragraph consist of Plaintiff's characterization of the same public statement and video referenced in Paragraph 20, to which no response is required; Defendants refer the Court to that public statement and video for the most accurate statement of their contents. *See id*.

23. The allegations in this paragraph consist of Plaintiff's characterization of a public statement, to which no response is required; Defendants refer the Court to that public statement for the most accurate statement of their contents. *See id.* ¶ 23. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. To the extent a response is required, the allegations in this paragraph consist of legal conclusions, to which no response is required.

25. The allegations in the first sentence of this paragraph consist of Plaintiff's characterization of a press release, to which no response is required; Defendants refer the Court to that press release for the most accurate statement of their contents. *See supra* ¶ 9, Dec. 1, 2023 Press Release. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of this paragraph.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of this paragraph. The allegations in the third sentence of this paragraph consist of legal conclusions, to which no response is required.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

28. Defendants admit that counsel for Plaintiff has requested information regarding the basis for Plaintiff's inclusion on the SDN List. Defendants deny that Plaintiff was designated pursuant to the Global Magnitsky Act and aver that Plaintiff was instead designated pursuant to Executive Order 13818, *Blocking the Property of Persons Involved in Serious Human Rights Abuse or Corruption*, 82 Fed. Reg. 60839 (Dec. 20, 2017). Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph related to alleged harm to Plaintiff. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

29. The allegations in this paragraph consist of legal conclusions, to which no response is required. Moreover, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30. Defendants repeat and incorporate by reference their responses to paragraphs 1 to 29 of the Complaint.

31. The allegations in this paragraph consist of Plaintiff's characterizations of 31 C.F.R. § 501.807, to which Defendants refer the Court as the best evidence of its contents.

32. The allegations in this paragraph consist of Plaintiff's characterizations of 5 U.S.C. § 555 and 5 U.S.C. § 706, respectively, to which Defendants refer the Court as the best evidence of their contents.

33. The allegations in the first and second sentences of this paragraph consist of Plaintiff's characterizations of 5 U.S.C. § 706 and 5 U.S.C. § 551, respectively, to which Defendants refer the Court as the best evidence of their contents. The allegations in the third and

fourth sentences of this paragraph consist of Plaintiff's characterizations of *Telecomm. Research & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984), to which Defendants refer the Court as the best evidence of its contents.

34. Defendants deny that Plaintiff was designated pursuant to the Global Magnitsky Act and aver that Plaintiff was instead designated pursuant to Executive Order 13818, *Blocking the Property of Persons Involved in Serious Human Rights Abuse or Corruption*, 82 Fed. Reg. 60839 (Dec. 20, 2017). The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

35. The allegations in this paragraph consist of legal conclusions, to which no response is required.

The remaining paragraphs of the Complaint contain Plaintiff's requested relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the remaining paragraphs of the Complaint and aver that Plaintiff is not entitled to any relief. Defendants also deny all allegations in the Complaint not expressly admitted or denied.

Dated: December 23, 2024                Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

STEPHEN M. ELLIOTT
Assistant Director
Federal Programs Branch

*/s/ Cassandra Snyder*
CASSANDRA SNYDER (DC #1671667)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Tel: (202) 451-7729
Email: cassandra.m.snyder@usdoj.gov

*Counsel for Defendants*

- 9 -

## **CERTIFICATE OF SERVICE**

    I certify that on December 23, 2024, the foregoing was filed and served on counsel of record through the Court's CM/ECF system.

                                                           */s/ Cassandra Snyder*
                                                           CASSANDRA SNYDER