**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LUIS MIGUEL MARTINEZ MORALES )<br>  22 Avenida, Guatemala City, Guatemala )<br>)<br>    *Plaintiff* )<br>              v. )<br>) | |
| UNITED STATES DEPARTMENT OF TREASURY, )<br>OFFICE OF FOREIGN ASSETS CONTROL, )<br>  U.S. Department of Treasury )<br>  Treasury Annex )<br>  1500 Pennsylvania Avenue NW )<br>  Washington, DC 20220 )<br>   and )<br>) | **Civil Case No. 24-cv-02519**<br><br><br><br><br>**SECOND**<br>**AMENDED COMPLAINT** |
| LISA M. PALLUCONI, )<br> in her official capacity as Acting Director of the Office of )<br> Foreign Assets Control )<br>  U.S. Department of Treasury )<br>  Treasury Annex )<br>  1500 Pennsylvania Avenue NW )<br>  Washington, DC 20220 )<br>   and )<br>THE HONORABLE SCOTT BESSENT, )<br> in his official capacity as Secretary of the Department )<br> of Treasury )<br>  U.S. Department of Treasury )<br>  1500 Pennsylvania Avenue NW )<br>  Washington, DC 20220 )<br>                   *Defendants.* ) | |

# COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF IN THE NATURE OF MANDAMUS

1. Petitioner Luis Miguel Martinez Morales ("Petitioner" or "Martinez"), by and through his undersigned counsel, pursuant to 5 U.S.C §§ 555(e) and 706, hereby files this Amended Complaint and petitions this Court to issue a Declaratory Judgment, or alternatively, a Writ of Mandamus compelling the United States Department of Treasury, Office of Foreign Assets Control ("OFAC"), OFAC Acting Director Lisa M. Palluconi, and Secretary of the Treasury Scott Bessent[1] to remove Martinez from the Specially Designated Nationals List ("SDN List"). As explained herein, Martinez's continued status as a Specially Designated National, which subjects him to economic sanctions, is unlawful and has caused and continues to cause him severe harm.

## PARTIES

2. The Office of Foreign Assets Control is a federal agency within the United States Department of Treasury, located at 1500 Pennsylvania Avenue NW, Washington, DC 20220. OFAC is responsible for administering and enforcing economic and trade sanctions against targeted foreign countries and regimes, terrorists, international narcotics traffickers, those engaged in activities related to the proliferation of weapons of mass destruction, and other threats to the national security, foreign policy or economy of the United States. One such mechanism for accomplishing this task is through the SDN List, which OFAC maintains. *See* 31 C.F.R. Part 583.

---

[1] Petitioner was listed during the Biden administration so this Amended Complaint has substituted the current OFAC Director and Treasury Secretary as named parties.

3. Petitioner Luis Miguel Martinez Morales is a foreign national residing in Guatemala. Martinez is a former Guatemalan government employee, he was an Advisor in the Commission de la Juventud (2018-2019) and he was a Director of the Centro del Gobierno (2020).

4. Ms. Lisa M. Palluconi is the Acting Director of OFAC. She is being sued in her official capacity.

5. The Honorable Scott Bessent is the Secretary of Treasury of the United States. He is being sued in her official capacity.

**JURISDICTION AND VENUE**

6. The Court has jurisdiction over this action pursuant to the Mandamus Act, 28 U.S.C. § 1361, the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a), 2202, and the Administrative Procedure Act, 5 U.S.C. § 706(1). The Court has jurisdiction over the subject matter of claims pursuant to 28 U.S.C. § 1331.

7. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and (e).

**BACKGROUND AND FACTS**

8. Martinez is a former employee of the Government of Guatemala.

9. Executive Order 13818, *Blocking the Property of Persons Involved in Serious Human Rights Abuse or Corruption*, 82 Fed. Reg. 60839 (Dec. 20, 2017), listed Martinez as a Specially Designated Nationals and Blocked Person ("SDN List") in the Federal Register. Martinez was included on the list. According to a press release the basis for the listing was that Martinez was allegedly involved in seeking or obtaining bribes in exchange for Government contracts in Guatemala, among them a contract for Russian vaccines, called Sputnik. I also know from speaking to American government officials

and from reading media accounts that the American government considers Martinez to be a close personal friend of former Guatemalan President Alejandro Giammattei and that listing Martinez is a way to also punish the former President who is supposedly a rival of the current President Bernardo Arevalo who took office on January 15, 2024.

10. On December 4, 2023, the undersigned submitted a prompt written request to Brian E. Nelson, Under Secretary for Terrorism and Financial Intelligence of the OFAC, pursuant to 31 C.F.R. § 501.807, requesting that Martinez be removed from the SDN List. The letter requested that counsel be instructed as to what, if any, information would be required by the OFAC.

11. On December 28, 2023 a second delisting letter was sent to the OFAC because the OFAC had not responded to the letter from December 4, 2023 other than an email of recognition that the letter had been received.

12. On March 25, 2024, the OFAC submitted a request for information. Promptly, on about March 28, 2024, counsel for Martinez submitted a response to the OFAC's inquiry along with supporting documents.

13. On June 13, 2024, the undersigned, counsel for Martinez, wrote to the OFAC to follow up on the delisting process, pursuant to 31 C.F.R. § 501.807, seeking the removal of Martinez's name from the SDN List and inquired as to the status of the case since submission of the requested documents.

14. On about June 14, 2024, OFAC sent additional questions about Mr. Martinez and we answered those questions in detail on about July 8, 2024.

15. We provided abundant proof (discussed below) that he should be delisted and yet he remains listed several months later.

16. The original complaint was served in this case on about September 16, 2024, commencing the action.

17. On about February 10, 2025, I received a letter, dated February 7, 2025, in which OFAC declined to delist Martinez, claiming that he had failed to propose sufficient remedial measures and to fully respond to all questions posed to him.

18. Guatemala's ex-Minister of Health Amelia Flores who approved the provision of the vaccines during the last presidential administration is the person who personally approved and signed the agreement for these vaccines, along with Eduardo Hernandez, the Vice Minister of Foreign Affairs.

19. In an interview Ms. Flores stated that Mr. Martinez never pressured her or even asked her to approve the vaccines. She further states that the only thing Mr. Martinez ever asked of her was to offer a job to someone and that she declined to do so.

20. Therefore, the person most responsible for approving the vaccines totally exonerates my client. You can see this interview as it was public and can be accessed on this link: https://lahora.gt/nacionales/smorales/2024/04/05/amelia-flores-giammattei-me-cito-a-su-despacho-para-contarme-de-las-conversaciones-con-rusia/

21. The current Procurador General of Guatemala, Julio Saavedra, who is a political opponent of former President Giamattei and Mr. Martinez said on April 4, 2024, that there is no basis to charge Mr. Martinez with any crime in connection with the approval of the vaccines. The Procurador General is the equivalent of the American Attorney General.

22. That the current Guatemalan government clears my client while the United States

wrongly keeps him listed is a terrible injustice. Mr. Saavedra's announcement can be seen in this link:https://twitter.com/guatemalagob/status/1775954778977431595?s=46. Specifically, at 27 minutes and 49 seconds, the journalist Heydi Quino from "la hora" questions Mr.Saavedra about the decision to not press charges in Guatemala against Miguel Martinez for his alleged involvement during the negotiation of the Sputnik contract. The Procurador General of Guatemala answers clearly (translated from the original Spanish) that "according to the official files the contract was signed by former Minister of Health Amelia Flores, and there is no evidence at all of the involvement of Miguel Martinez in the contract. Furthermore, it would be totally irresponsible to assume any conclusion - regarding the involvement of Miguel Martinez - beyond of what is in light of the official files. Once again, we are not pressing charges against Martinez because the lack of evidence of his involvement during the negotiation process".

23. Also, the same journalist asked directly about the fact that Mr. Martinez is designated under the OFAC list because of a suppose improper involvement in the vaccines contract and yet Mr. Saavedra answers that after reviewing the evidence the Guatemalan government will not be charging him with any crimes.

24. He plainly concludes that "the attorney solicitor office does not possess any information or evidence about any of Miguel Martinez's implication in this matter and anyone who possesses information must press charges against him. The fact that any other state is pointing at Miguel as an implicated in this case does not oblige in any

case whatsoever neither to the attorney solicitor office nor the public health minister to press charges against Miguel Martinez since there is no evidence of his involvement at this day. As attorney solicitor I know for fact according to the evidence that Miguel Martinez is not related to this matter, therefore no charges were pressed against him".

25. Guatemala's current Presidential Secretary General Juan Guerrero Garnica announced on June 10, 2024 (https://x.com/TVGTNoticias/status/1800216868176671184), that the Government has discovered no "anomalies", meaning no evidence that Luis Miguel Martinez did anything improper or illegal while working for the government.

26. Mr. Guerrero Garnica is one of the founders of the current ruling party of Guatemala and has been a long-time ally of current President Bernardo Arevalo. That Mr. Guerrero Garnica, a political opponent of my client, has exonerated Martinez ought to be more than enough for the United States Government and the OFAC. That the OFAC would seek to harm a foreign citizen of an American ally who has never been charged in any country with any crime even though that person's political adversaries have said he is innocent is outrageous. So, this is yet another announcement by the current Guatemalan government that my client has been cleared of any wrongdoing.

27. According to OFAC, Mr. Martinez allegedly awarded infrastructure contracts outside of Guatecompras, which is legally impossible. The Guatemala Public Contracts Law outlines the procedures and authorities responsible for issuing state contracts, including infrastructure projects. All public contracts must be published on the Guatecompras website before the public budget is made and awarded.

28. Moreover, the Centro de Gobierno, the commission that was led by Mr. Martinez, did not have the authority to manage budgets. Mr. Martinez further lacked the authority to

7

award contracts and was not in a position to award public contracts of any kind, including infrastructure ones. This highlights the illegitimacy of OFAC's allegations.

29. To be clear, Mr. Martinez has never been charged with a crime in any country on earth. The only government with knowledge of the facts of the matter (Guatemala) has cleared him of any wrongdoing even though that government stands in political opposition to him.

30. I have asked OFAC for evidence of the basis for its listing of Mr. Martinez and have only been sent heavily redacted files with nothing of substance. So, it appears that the United States has no real credible proof (and has refused to show us any) that Mr. Martinez has broken the law but is simply engaged in a political persecution of him. Martinez has suffered, and continues to experience, enormous economic harm by being unable to access the global financial system because he has continued to be wrongly listed on the SDN List and is subject to the attendant economic sanctions.

31. In addition, the OFAC listing has indirectly caused irreparable reputational and financial harm to close family members.

## CAUSE OF ACTION – FAILURE TO DELIST VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT SUFFICIENT TO WARRANT MANDAMUS

32. Plaintiff Martinez re-alleges and fully incorporates by reference the allegations contained in paragraphs 1-29 *supra*.

33. 31 C.F.R. § 501.807 provides that a "blocked person" includes a "person blocked under the provisions of any part of this chapter, including a specially designated national . . ." That same provision permits a blocked person to seek administrative reconsideration of his designation and removal from the SDN List subject to the procedures detailed therein. *See* 31 C.F.R. § 501.807(a)-(d). 31C.F.R. § 501.807(d) states that OFAC "will

provide a written decision to the blocked person" after the individual submits a request for reconsideration.

34. The Administrative Procedure Act, 5 U.S.C. § 555(e), requires that prompt notice be given of the denial of a written application, petition, or other requested made by an interested person in an agency proceeding. Further, 5 U.S.C. § 706 provides that a reviewing court "shall decide all relevant questions or law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." The court "shall compel agency action unlawfully withheld or unreasonably delayed." *Id*. at § 706(1).

35. A reviewing court may hold unlawful action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C), or "without observance of procedure required by law," U.S.C. § 706(2)(D). "Agency action" includes "failure to act." U.S.C. § 551(13). An administrative agency may not subject its regulatees to unreasonable delay in the performance of its responsibilities. *Telecomm. Research & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984). This Court should recognize that "delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake . . . ." *Id*. at 80.

36. OFAC has violated, and continues to violate, 5 U.S.C. §§ 555 and 706 by unreasonably denying the removal of Martinez from the SDN List. The denial is particularly egregious where they claim we failed to provide remedial measures that might allow delisting. This is an absurd non sequitur. Martinez is not employed by the Government any longer, so there are no remedial measures that he can take. He is today essentially

    a struggling former government employee with no power to take any remedial measures.

37. Mandamus is an appropriate remedy whenever an applicant demonstrates a clear right to have a government official perform his or her duty. Because OFAC has refused to delist Martinez, he has "no other adequate means to attain the relief he desires." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35. Thus, an order of mandamus directed to OFAC is appropriate in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner Luis Miguel Martinez Morales respectfully prays that this Court:

a. Declare, pursuant to the Court's authority under 28 U.S.C. §§ 2201(a) and 2202, that the continued inclusion of Martinez on the SDN List is unlawful;

b. Issue a writ of mandamus ordering OFAC to remove Martinez from the SDN List;

c. Award Martinez attorneys' fees and costs incurred in this action; and

d. Award Martinez other and further relief as this Court deems just and proper.

Respectfully submitted,

By: */s/ Alexei Schacht*

Alexei Schacht, Esq.
DC Bar No. AS9304
123 West 94 Street
New York, NY 10025
Tel: (646) 729-8180
Fax: (212) 504-8341
alexei@schachtlaw.net

February 24, 2025